UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN MAURITZ HUMMASTI,

        Plaintiff,

  v.

PORTLAND STATE UNIVERSITY, et al.,

        Defendant(s).

Civil No. 05-1142-MO

TEMPORARY RESTRAINING ORDER

**MOSMAN, J.,**

      Plaintiff John M. Humasti filed this action on July 22, 2005. His complaint alleges that Portland State University and one of its professors, Thomas Hastings (collectively, "defendants"), violated plaintiff's rights to freedom of speech, free exercise of religion, and equal protection under the law by removing plaintiff from a class taught by Professor Hastings. On August 5, 2005, plaintiff filed the instant motion for temporary injunctive relief. Plaintiff alleges he flew from Israel to Portland, Oregon in January 2005 in an attempt to resolve his conflict with Hastings. Plaintiff alleges that "[d]ue to the expenditure or loss of this money for air fare, Plaintiff faces eviction for inability to pay rent." Plaintiff's motion for temporary injunctive relief seeks reimbursement for the cost of his airfare. Plaintiff also asks the court to compel defendants to: (1) reinstate plaintiff's academic financial aid standing; (2) assist plaintiff in obtaining a formal study abroad program in Israel; and (3) "[r]egister Plaintiff as a Handicapped or Disabled Student and offer Plaintiff the benefits, as well as Equal Protection of the Law as other disabled students are given."

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)). To succeed on his motion for a preliminary injunction, plaintiff must demonstrate either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in plaintiff's favor. *Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004). "These two alternatives represent extremes of a single continuum, rather than two separate tests. Thus, the greater the relative hardship to [plaintiff], the less probability of success must be shown." *Id*. Where a plaintiff seeks preliminary relief not to restrain a defendant from taking action but to compel a defendant to take affirmative action, "[s]uch 'mandatory preliminary relief' is subject to heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party." *Dahl v. HEM Pharmaceuticals Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993). As set forth below, the court finds plaintiff has failed to demonstrate entitlement to preliminary relief.

First, defendants have not been served with a copy of the complaint or a summons. Accordingly, this court lacks jurisdiction over the defendants. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

Second, the only irreparable injury plaintiff asserts is that he will be evicted from his apartment if he is not reimbursed for his travel expenses. Generally a claim for monetary relief is not considered irreparable. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980). In addition, plaintiff fails to substantiate his claim

that he "faces eviction for inability to pay rent." For an injunction to issue, "[t]here must be more than a mere possibility or fear that the injury will occur." 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2942, p. 45 (2d ed. 1995)); *see also Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931) (an injunction "will not be granted against something merely feared as liable to occur at some indefinite time in the future.").

Finally, plaintiff has not demonstrated that he is likely to succeed on the merits of his claims. Most of the claims set forth in plaintiff's complaint are difficult to comprehend. Count Three, for example, alleges that defendants "denied Plaintiff free exercise of religion by wrongfully creating a loss of consortium." While plaintiff may have a colorable First Amendment claim on the basis of his removal from class for expressing his political views, plaintiff has not demonstrated a likelihood of success on that claim sufficient to outweigh the total absence of irreparable harm – particularly under the heightened scrutiny applied to the mandatory preliminary relief plaintiff seeks. *Dahl*, 7 F.3d at 1403.

For the foregoing reasons, plaintiff's motion for injunctive relief (#5) is DENIED.

IT IS SO ORDERED.

DATED this 16th day of August, 2005.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

PAGE 3 - TEMPORARY RESTRAINING ORDER